**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NNCRYSTAL US CORPORATION AND THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS, )))) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 19-1307-RGA |
| v. ) | |
| NANOSYS, INC. )) | |
| Defendant. ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, NNCrystal US Corporation, The Board of Trustees of the University of Arkansas, and Nanosys, Inc. (collectively, the "Parties") believe that certain materials, information, and things discoverable in this case, both from the Parties and third parties, may consist of trade secrets, proprietary information, confidential research and development information, and/or otherwise commercially valuable information that the respective Parties or third parties maintain in confidence in the ordinary course of business;

WHEREAS, the Parties reasonably believe that public disclosure of materials, information and things determined to be confidential could cause irreparable financial and competitive harms to the disclosing entity;

WHEREAS, the Parties believe that good cause exists for the entry of a protective order that is narrowly tailored to protect the aforementioned confidential material, information, and things of the Parties and any third parties from whom confidential material, information or things are sought.

By reason of the foregoing, the Parties, by their counsel, pursuant to Fed. R. Civ. P. 26(c) and subject to the approval of the Court, request entry of this Stipulated Protective Order in the action.

## I.      SCOPE OF PROTECTIVE ORDER

This Protective Order applies to all Discovery Materials (as defined herein) in this action. In addition, this Protective Order allows for the filing of documents with the Court under seal; subject to Local Rule 5.1.3, if such documents contain Confidential Information or Highly Confidential Information. This Protective Order shall apply regardless of whether such information was produced prior to or after entry of this Protective Order.

## II.      DEFINITIONS

### A.      Confidential Information

The term "Confidential Information" means any information, whether oral or in documentary or other tangible form; so designated by any Producing Party that it reasonably and in good faith believes is of the type protectable under Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure or is required to be kept confidential by law or by agreement with a third party or otherwise. Any summary, compilation, notes, memoranda, analysis, or copy containing Confidential Information and any electronic image containing Confidential Information shall be considered Confidential Information to the same extent as the material or information from which such summary, compilation, notes, memoranda, analysis, copy, or electronic image is derived. To the extent any such summary, compilation, notes, memoranda, analysis, or copy containing Confidential Information also contains non-Confidential Information, on request, the Producing Party will produce a copy of the requested document with the applicable portion(s) of the Confidential Information redacted within five (5) business days of the request.

### B.      Highly Confidential Information

The term "Highly Confidential Information" means any material, or portion of any material, that contains information the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any summary, compilation, notes, memoranda, analysis, or copy containing Highly Confidential Information and any electronic image containing Highly Confidential Information shall be considered Highly Confidential Information to the same extent as the material or information from which such summary, compilation, notes, memoranda, analysis, copy or electronic image was derived. To the extent any such summary, compilation, notes, memoranda, analysis, or copy containing Highly Confidential Information also contains non-Highly Confidential Information, on request, the Producing Party will produce a copy of the requested document with the applicable portion(s) of the Confidential Information redacted within five (5) business days of the request.

### C.      Designated Material

"Designated Material" means Confidential Information and Highly Confidential Information.

### D.      Discovery Material

The term "Discovery Material" means any document or thing, and includes, without limitation, any writings, video or audio tapes, computer-generated or recorded information in any form, materials, physical samples, oral or written testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, responses to document requests, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information or any tangible thing, produced by a Party or non-party in this action.

**E.      Party**

The term "Party" shall refer to any party to this Action, including all its officers, directors, employees, consultants, and retained experts.

**F.      Non-Party**

The term "Non-Party" shall refer to any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**G.      Producing Party**

The term "Producing Party" shall mean any Party or Non-Party who produces any Discovery Material during discovery for this action.

**H.      Designating Party**

The term "Designating Party" shall mean any Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," subject to the terms of this Stipulated Protective Order.

**I.      Receiving Party**

The term "Receiving Party" means any Party to this action or person who receives any Discovery Material.

**III.   DESIGNATION OF MATERIAL**

**A.      Confidential Information**

Any Party or Non-Party producing Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: CONFIDENTIAL.

### B.    Highly Confidential Information

Any Party or Non-Party producing Highly Confidential Information, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: HIGHLY CONFIDENTIAL.

### C.    Transcripts

A transcript from a deposition or hearing may be designated Confidential or Highly Confidential, when appropriate, either on the record at the deposition or hearing or by letter within twenty (20) business days after receipt of the final (i.e., not rough) transcript. Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a mark of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any testimony designated as such. All such transcripts shall be treated as Confidential or Highly Confidential until designated otherwise or until the time to so designate has expired as set forth in this provision, whichever is later.

### D.    Non-Party Production

Information sought or obtained from a Non-Party shall be treated as Designated Material if requested by the Non-Party. Any such information designated as Confidential Information or Highly Confidential by a Non-Party will be accorded the same protection and subject to the same procedures as the Parties' Designated Material. Alternatively, a Non-Party may adopt the terms of District of Delaware Local Rule 26.2. Any discovery request to a Non-Party must attach a copy of this Protective Order.

Any Party may seek to challenge designations by a Non-Party under the provisions of Section IV after providing at least ten (10) business days written notice to all Parties and the Non-Party and agreeing that it will not object to the Non-Party appearing in this action for the limited purpose of seeking to preserve its requested designation.

## IV.    CONTESTING THE DESIGNATION

A Party may challenge the designation of Discovery Material as Confidential or Highly Confidential and request relief from the Court, after conferring in good faith with Outside Counsel for the Producing Party. If the Party seeks relief from the Court, the Discovery Material shall be treated as Confidential or Highly Confidential, as designated, until the Court rules on the requested relief. The Party or Non-Party claiming that the material is Confidential or Highly Confidential bears the burden of establishing the confidentiality of the challenged materials.

## V.    ACCESS TO DESIGNATED MATERIAL

### A.    Nondisclosure of Designated Material

Except with the prior written consent of the Party or Non-Party originally designating Discovery Material as Confidential or Highly Confidential, or as provided in this Stipulated Protective Order, no Confidential or Highly Confidential Information may be Disclosed to any Party or person except as provided in Section V.B. and V.C, respectively.

### B.    Disclosure of Confidential Information

Any information designated as Confidential shall be maintained in confidence by any Receiving Party. Confidential Information may be Disclosed by the Receiving Party only to the following:

(a) outside counsel representing any Party in this action, including support staff (law clerks, paralegals, secretaries, interpreters, and clerical staff) assisting with this action;

(b) no more than one designated in-house counsel, subject to the provisions in Section VI.B;

(c) individuals who are authors, addressees, or copy recipients of the relevant documents;

(d) directors, officers, agents or Rule 30(b)(6) designees of the Producing Party;

(e) outside experts or consultants expressly retained by any attorney or individual described in paragraph (a) or (b) to assist in the action, subject to the provisions in Section VI.A.;

(f) any interpreter, videographer, or court or other shorthand reporter or typist translating or transcribing testimony;

(g) mock jurors and/or trial or jury consultants engaged by the Parties in preparation for trial; and

(h) personnel of the Court; or

(i) as otherwise agreed by the Producing Party in writing.

**C.      Disclosure of Highly Confidential Information**

Any information designated as Highly Confidential Information shall be maintained in confidence by any Receiving Party. Highly Confidential Information may be disclosed as provided in Section V.B. (a) and (c)-(i), subject to the provisions of Section VI.

**D.      Unintentional Disclosure of Designated Material**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such Designated Material under this Protective Order, then the Receiving Party shall use its best efforts to immediately retrieve all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person or party of all the provisions of this Order; (b) identify such person or party immediately to the Producing Party; and (c) request that such person or party execute the Confidentiality Undertaking in Exhibit A.

VI.     **CONDITIONS ON ACCESS TO DESIGNATED MATERIAL**

A.     **Consultants and Experts**

A consultant or expert, excluding trial or jury consultants, may only be shown Designated Material pursuant to Section V.B.e and V.C to the extent necessary to provide assistance in this action, provided that:

1.     any such consultant or expert, excluding trial or jury consultants, is not an employee, director, officer, agent, attorney, or other representative of a Receiving Party (including any of its divisions, subsidiaries, or affiliates), is not an employee, director, officer, agent, attorney, or other representative of a direct business competitor of any Party, or is not currently advising a direct business competitor of any Party on matters relating to the subject matter of this action;

2.     prior to the disclosure of any Designated Material to the consultant or expert, the consultant or expert shall execute the Confidentiality Undertaking in Exhibit A; and

3.     the Receiving Party shall, prior to the disclosure of Designated Material to a consultant or expert, excluding trial or jury consultants, supply to the Producing Party a copy of the Confidentiality Undertaking in Exhibit A executed by the consultant or expert, a current curriculum vitae or resume of the consultant or expert, and list of all non-confidential consulting engagements undertaken by the consultant or expert during the past four (4) years. The Producing Party shall be entitled to object to such disclosure to the consultant or expert within five (5) business days after receipt of the Receiving Party's written notification, stating specifically in writing the reasons why such consultant or expert should not receive Designated Material. If the Parties are unable to resolve on their dispute concerning disclosure of Designated Material to a consultant or expert, the Party that objects to the disclosure of the Designated Material has the burden to apply to the Court, within five (5) business days after service of the

Producing Party's objections, for an Order that such disclosure is improper. No disclosure of the Designated Material shall be made to the consultant or expert until the Producing Party's time for serving objections has passed, or, in the event that the Producing Party timely serves a written objection and timely files a motion with the Court, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

### B. Designated In-House Attorney

A Party seeking to designate an in-house attorney pursuant to Section V.B.b. shall provide notice to all other parties, including the name, title, description of the job responsibilities, and a copy of the Confidentiality Undertaking in Exhibit A signed by the proposed designated in-house attorney to all other Parties, and the proposed designated in-house attorney shall be deemed approved unless another Party objects to such designation within five (5) business days of such notice.

No Person identified as in-house counsel shall have competitive decision-making authority with respect to the Party or other related corporate entity. A person with competitive decision-making authority under the terms of this Protective Order shall mean any person with direct responsibility for (1) the use and/or preparation of sensitive financial or strategic commercial information, including forecasts and financial assumptions related to nanocrystals or products containing nanocrystals; or (2) developing business plans for nanocrystals or products containing nanocrystals.

For the avoidance of doubt, competitive decision-making authority under the terms of this Protective Order shall not include responsibilities for (1) supervising outside counsel, (2) advising Party management on the conduct of litigation, including but not limited to this action, or (3) negotiating or executing any agreement settling litigation, including, e.g., responsibilities related to any financial terms of such an agreement.

9

If the Producing Party needs further information regarding the proposed designated in-house attorney to make a decision as to whether to object to that person, such Party may request further information within five (5) business days after receipt of the written notice and signed Confidentiality Undertaking in Exhibit A. The Producing Party shall then be entitled to object to such disclosure to the proposed designated in-house attorney within five (5) business days after receipt of the requested additional information, or receipt of a refusal to provide such information.

No disclosure of Designated Material shall be made to the proposed employee or in-house attorney until the time for serving objections has passed, or, in the event that a written objection is timely served, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

In the event that an in-house attorney can no longer serve as a designated in-house counsel in this action, the designating Party may select a replacement in-house counsel to view Confidential Information of the Producing Party. The new in-house counsel shall execute an Undertaking as required herein and shall otherwise comply with all terms of this Protective Order. The Party seeking Disclosure to a replacement in-house counsel shall provide the in-house counsel's name, title, description of the job responsibilities, and a copy of the executed Undertaking to each other Party. If a Party has a good faith basis for believing it would be harmed by the proposed Disclosure to any replacement in-house Counsel, the Party shall proceed as directed above.

C. **Outside Counsel**

Outside counsel representing any party in this action shall not participate, directly or indirectly, in the prosecution of patent applications relating to nanocrystals or processes for preparing nanocrystals, commencing from the date he or she receives information designated

Highly Confidential Information by an opposing Party, and continuing for two years following the final termination of this action.

Outside counsel representing any Party in this action may work on and participate in, directly or indirectly, *inter partes* reviews, post-grant reviews, or reissues or reexamination proceedings at the U.S. Patent and Trademark Office or Patent Trial and Appeal Board related to processes for preparing nanocrystals in the presence of noncoordinating solvents in general and/or the '051 patent in particular, provided that such outside counsel does not, commencing as of the date such outside counsel receives information designated HIGHLY CONFIDENTIAL under this protective order from an opposing Party in this action, and continuing for two years following the termination of this action, work on or participate in directly or indirectly the drafting or editing of any claim or claim amendments as part of any such proceeding related to processes for preparing nanocrystals in the presence of noncoordinating solvents in general and/or the '051 patent in particular.

A Party may designate one or more individual outside counsel attorneys as "IPR Counsel" by providing written notice to the opposing Party. IPR Counsel shall be prohibited from receiving information designated HIGHLY CONFIDENTIAL by an opposing Party. IPR Counsel shall be prevented from accessing information designated HIGHLY CONFIDENTIAL by an opposing Party, and the opposing Party shall not disclose any of its Highly Confidential information to IPR Counsel (e.g., the opposing Party should not include IPR Counsel on any emails or other communications disclosing information designated HIGHLY CONFIDENTIAL).

## VII.    RESTRICTIONS ON USE OF DESIGNATED MATERIALS

Subject to the provisions of Section XI.E., information designated Confidential or Highly Confidential Information shall be used by the Receiving Party solely for the purposes of this action, e.g., preparation for trial, pretrial proceedings, and trial of the above-captioned action and

not for any business, commercial, regulatory, competitive, personal, or other purpose or any other action.

## VIII.   COURT PROCEDURES

### A.   Filing

All documents containing Confidential Information or Highly Confidential Information, including pleadings, motions and other papers, shall be filed with the Court under seal in accordance with the Court's Local Rules .and CM/ECF procedures.

### B.   Use at Trial

This Protective Order is not intended to govern the use of Designated Material at the trial of this action. Procedures governing the use of Designated Material at trial, if necessary, will be established by separate order, pursuant to application by one or more of the Parties to the Court, or sua sponte pursuant to the Court's own procedures, and may be addressed at the pre-trial conference.

## IX.   UNINTENTIONAL FAILURE TO DESIGNATE

If any Producing Party discovers that it has inadvertently failed to designate and mark any Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Discovery Material. Disclosure of such Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.

However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will so inform the Producing Party and take the steps necessary to conform distribution to the categorical designation within ten (10) business days, i.e., by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the person to whom disclosure was made that the Producing Party has designated the material as confidential and that such material must be treated as provided in the Order unless otherwise agreed by the Parties or ordered by the Court. Such person shall sign the Confidentiality Undertaking at Exhibit A which the Receiving Party shall provide to the Producing Party.

## X.   UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT PRIVILEGED OR WORK PRODUCT MATERIAL

Pursuant to Federal Rule of Evidence 502(d), if a Producing Party through inadvertence produces or provides discovery that it believes in good faith is subject to a claim of attorney-client privilege or work-product immunity, such action shall not constitute a waiver of the attorney-client privilege and/or work product immunity. The inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party. Unless the Producing Party claims that the entire document is subject to a claim of attorney-client privilege or work product immunity, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed privileged material redacted.

Within three (3) business days of receiving written notice and a copy of the document with claimed privileged material redacted, the Receiving Party shall return or destroy all copies of such document and shall destroy all excerpts thereof. Return or destruction of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production.

The Receiving Party shall be entitled to prepare a record for its own use containing the date, the author, address(es), and topic of the document and other such information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purposes other than preparing a motion to compel production of that document in this action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court. Unless previously waived, the inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

## XI.    RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS

### A.    Redactions

Documents and things containing Confidential or Highly Confidential information may be redacted if the Producing Party reasonably believes in good faith that the redacted information is (i) competitively sensitive and (ii) neither relevant to the subject matter of this litigation nor

proportional to the needs of the case. Each such redaction, regardless of size, shall be clearly labeled "Redacted - Non-Responsive." This shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

A Party may object to any redaction based on non-responsiveness by giving outside counsel of record for the Producing Party written notice of its reasons for the objection. The Parties shall thereafter meet and confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute on their own, the objecting Party may move the Court for an Order changing or removing the redaction. The Producing Party has the burden of showing that the redaction is appropriate. The redacted information shall remain redacted until the matter is resolved by the Court or agreement of the Parties.

If any Producing Party discovers that it has inadvertently failed to redact non-responsive material which it believes in good faith is both (i) competitively sensitive and (ii) neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, the Producing Party may give written notice to the Receiving Party that the document requires redaction and request that the Receiving Party return the document to the Producing Party.

Unless the Producing Party claims that the entire document is subject to redaction pursuant to the above, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed non-responsive material redacted. Within three (3) business days of receiving written notice and a copy of the document with the applicable material redacted, the Receiving Party shall return to the Producing Party all unredacted copies of such document and shall return or destroy all excerpts thereof, except that, in the event the Receiving Party disputes the basis for the redaction, outside counsel for the Receiving Party may retain one

(1) archival copy of the document in unredacted form pending a ruling from the Court on the issue. Such archival copy of a document may not be used for any purposes other than preparing a motion to compel production of that document in this action.

Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly deemed non-responsive, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly redacted.

### B.  No Limitation of Other Rights

This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

### C.  Release from or Modification of This Order

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude the Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

### D.  Admissibility

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter.

### E.  Non-Party Request/Subpoena of Designated Material

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing

Party within five (5) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order. Should the Producing Party fail to obtain court approval for a protective order, production of the Designated Material in compliance with the subpoena or other compulsory process shall not be deemed a violation of this Order.

### F.      Counsel's Right to Provide Advice

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

### G.      Privileged and Irrelevant Materials

Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

### H.      Notice

Transmission by overnight courier, facsimile or electronic mail is acceptable for all notification purposes.

### I.      Other Proceedings

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as "Confidential" or "Highly Confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### XII.   EFFECTIVE DATE

This Order shall be effective as a stipulation on the date of its execution by counsel for the Parties, after which the Parties may produce documents and information and designate the material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL. Such material shall be treated in accordance with this Order by the Parties upon its execution. In the event that the Court enters a Protective Order other than this stipulated and proposed Order, the Parties shall comply with the terms of this Order until it is superseded by any Protective Order or ruling by the Court.

### XIII.  FINAL DISPOSITION

Upon termination, settlement or final judgment of this action including exhaustion of all appeals, unless otherwise agreed in writing, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, retained counsel of record may retain pleadings, attorney and consultant work product, correspondence, and deposition and trial transcripts and exhibits for archival purposes. If Designated Material is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the

Producing Party a certification that the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

## XIV.   TERMINATION

The termination of this action shall not terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court of competent jurisdiction) orders otherwise.

Pursuant to Federal Rule of Civil Procedure 26 and the above stipulation of the Parties, and it appearing that discovery in the above-entitled action is likely to involve the disclosure of confidential information, and good cause appearing,

AGREED AND STIPULATED TO this 27th day of March, 2020.

| | |
|---|---|
| /s/ Frederick L. Cottrell, III | /s/ Karen E. Keller |
| Frederick L. Cottrell, III (#2555) | Karen E. Keller (No. 4489) |
| Nicole K. Pedi (#6236) | David M. Fry (No. 5486) |
| Tyler E. Cragg (#6398) | Nathan R. Hoeschen (No. 6232) |
| RICHARDS, LAYTON & FINGER, P.A. | SHAW KELLER LLP |
| 920 North King Street | I.M. Pei Building |
| Wilmington, DE 19801 | 1105 North Market Street, 12th Floor |
| (302) 651-7700 | Wilmington, DE 19801 |
| cottrell@rlf.com | (302) 298-0700 |
| pedi@rlf.com | kkeller@shawkeller.com |
| cragg@rlf.com | dfry@shawkeller.com |
| | nhoeschen@shawkeller.com |

*Of Counsel*:

Qingyu Yin
Brian Kacedon
Rajeev Gupta
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000
qingyu.yin@finnegan.com
brian.kacedon@finnegan.com
raj.gupta@finnegan.com

*Of Counsel*:

John Christopher Rozendaal
Byron L. Pickard
Rob Esmond
Josephine Kim
Brady Gleason
STERNE, KESSLER, GOLDSTEIN
& FOX P.L.L.C.
1100 New York Ave. NW, Suite 600
Washington, DC 20005

*Attorneys for Defendant Nanosys, Inc.*

Maximilienne Giannelli
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
max.giannelli@finnegan.com

*Attorneys for Plaintiffs NNCrystal US
Corporation and The Board of Trustees of
the University of Arkansas*

Dated: March 27, 2020

SO ORDERED this <u>30</u> day of <u>March</u>, 2020.

/s/ Richard G. Andrews
_____
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| NNCRYSTAL US CORPORATION AND THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS,<br><br>  Plaintiffs,<br><br>  v.<br><br>NANOSYS, INC.<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 19-1307-RGA<br>)<br>)<br>)<br>)<br>) |

**EXHIBIT A**
**CONFIDENTIALITY UNDERTAKING**

I, _____, declare under penalty of perjury, that:

My business address is _____

_____.

My present employer and job description are _____

_____

_____

_____.

My relationship to the Parties to this action is as follows :

_____

_____

_____.

I have read and reviewed in its entirety the Protective Order ("Protective Order") entered

in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, Party, or agency for any reason, except in accordance with the terms of the Protective Order.

I solemnly promise that I will not disclose any matter or information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of for the United States District Court for the District of Delaware for the purposes of enforcement of the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

Signed: _____

Name: _____

City and State where sworn and signed:_____