# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NNCRYSTAL US CORPORATION AND THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS, | ) ) ) ) |
| Plaintiffs, | ) ) C. A. No. 19-1307-RGA |
| v. | ) ) ) |
| NANOSYS, INC. | ) ) |
| Defendant. | ) ) |

## SCHEDULING ORDER

This <u>  6  </u> day of October 2021, the Court having waived a further Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> The parties made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **March 27, 2020**.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **February 10, 2022**.

3. <u>Initial Patent Disclosures.</u> In accordance with the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"):

   (a) On **April 20, 2020**, Plaintiffs identified the accused product(s), including

accused methods and systems, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s), and produced the file history for the asserted patent.

(b) On **May 20, 2020**, Defendant produced core technical documents related to the accused product(s).

(c) On **June 19, 2020**, Plaintiffs produced an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d) On **July 20, 2020**, Defendant produced its initial invalidity contentions for each asserted claim, as well as the known related invalidating references (e.g., publications, manuals and patents).

(e) By **May 20, 2022,** the Parties shall serve final infringement and invalidity contentions.

4. Discovery.

(a) Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **May 6, 2022**.

(b) Document Production. Document production shall be substantially complete by **February 3, 2022**.

(c) Requests for Admission. A maximum of **50** requests for admission are permitted for each side, except for requests for admission to authenticate documents. Any requests for admission previously served in this case count against the limits provided herein.

(d) Interrogatories: A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side. Any interrogatories previously served in this case

count against the limits provided herein.

      (e)    <u>Depositions.</u>

           i.    <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of **70 hours** of taking testimony by deposition upon oral examination.

           ii.    <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      (f)    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to

rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

5. <u>Application to Court for Protective Order.</u> The Court issued a protective order in this case on **March 30, 2020** (D.I 35).

6. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 7. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed.

7. <u>Courtesy Copies.</u> The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. <u>Claim Construction Issue Identification.</u> On **August 10, 2020**, the parties exchanged a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). Subsequent to exchanging that list, the parties prepared a Joint Claim Construction Chart that was filed on **August 17, 2020**.

The Parties will identify any new claim construction issues in view of the IPR filed by Defendant, by **October 18, 2021,** and serve a supplemental Joint Claim Construction Chart, if necessary, by **October 22, 2021**.

9. <u>Claim Construction Briefing</u>[1].

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the

4

Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,000 words, on **December 6, 2021**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **January 12, 2022**. Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on **February 10, 2022**. Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,500 words, on **March 10, 2022**. No later than **March 17, 2022**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.   Representative Claims

II.  Agreed-Upon Constructions

III. Disputed Constructions

    A.   [TERM 1][2]

        1.   Plaintiffs' Opening Position

        2.   Defendant's Answering Position

        3.   Plaintiffs' Reply Position

        4.   Defendant's Sur-Reply Position

    B.   [TERM 2]

        1.   Plaintiffs' Opening Position

        2.   Defendant's Answering Position

---

word limit. Plaintiffs should include with their opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

      3.      Plaintiffs' Reply Position

      4.      Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

    10.    <u>Hearing on Claim Construction.</u> Beginning at **9:00 a.m.** on April 7, 2022, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

    11.    <u>Disclosure of Expert Testimony.</u>

    (a)    <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **June 17, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **July 22, 2022**. Reply expert reports from the party with the initial burden of proof are due on **August 19, 2022**. No other expert reports will be permitted without either the consent of all parties or leave of the

Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of submission of the expert report. The parties are expected to try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **September 9, 2022**.

      (b)    <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

12.    <u>Case Dispositive Motions</u>.  All case dispositive motions shall be served and filed on or before **October 5, 2022** .  Answering briefs to case dispositive motions shall be served and filed on or before **October 26, 2022** and reply briefs in support of case dispositive motions shall be served and filed on or before **November 9, 2022** .  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above

date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

       13.     <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

       14.     <u>Pretrial Conference.</u>  On **February 24, 2023**, the Court will hold a Rule 16(c) final pretrial conference in Court with counsel beginning at **9:00 <u>a.m.</u>**  The parties shall file with the Court a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

       15.     <u>Motions *in Limine*</u>.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted

by the Court.

16.     <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

17.     <u>Trial.</u>  This matter is scheduled for a **five**-day jury trial beginning at 9:30 a.m. on **March 6, 2023**  with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17.     <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

>   /s/ Richard G. Andrews
>   ─────────────────────────────
>   UNITED STATES DISTRICT JUDGE