# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NNCRYSTAL US CORPORATION and
THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS,

        Plaintiffs,

    v.

NANOSYS, INC.,

        Defendant.

Civil Action No. 19-1307-RGA

<u>MEMORANDUM ORDER</u>

Plaintiffs seek to amend their First Amended Complaint to assert claims of willful infringement, induced infringement, and infringement under 35 U.S.C. § 271(g). (D.I. 75 at 1). Defendant objects. I have considered the parties' briefing (D.I. 75, 83, 97) and address each of Defendant's objections in turn.

Defendant argues Plaintiffs' proposed amendment to assert willful infringement is futile and unduly delayed. (D.I. 83 at 2-3). Because I agree with Defendant that Plaintiffs' motion to amend to allege willful infringement is futile, I do not reach Defendant's argument regarding undue delay. Plaintiffs' allegations that Defendant was aware of (1) license agreements covering "the '051 patent technology" (*i.e.*, not the '051 patent itself) and (2) the application that became the '051 patent, are not, as a matter of law, sufficient to plausibly allege pre-suit knowledge of the '051 patent. (D.I. 75-1 ¶¶ 40, 45-46); *State Indus., Inc. v. A. O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). Nor are Plaintiffs' general allegations relating to Defendant's "sophistication"

1

and routine IP monitoring and freedom to operate activities specific enough to move the needle on the plausibility of Plaintiffs' allegation of pre-suit knowledge. (D.I. 75-1 ¶¶ 50-51). Because Plaintiffs' proposed amendments do not plausibly allege pre-suit knowledge, they are insufficient to state a claim of willful infringement, and therefore futile. *Wrinkl, Inc. v. Facebook, Inc.*, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021).[1] For these reasons, Plaintiffs' motion to amend to state a claim of willful infringement is DENIED.

Defendant argues Plaintiffs' proposed amendment to assert infringement under § 271(g) is futile because Plaintiffs have not alleged "facts or assertions" in support of their claim that Nanosys "imports in the United States or uses, offers to sell, or sells" products manufactured abroad using the claimed process. (D.I. 83 at 9). I disagree. Plaintiffs' allegations that (1) Defendant partners with a foreign manufacturer that manufactures colloidal nanocrystals using a process that infringes the Asserted Claims, and (2) Defendant "sells and/or offers to sell within the United States one or more of the Nanosys Quantum Dot Products prepared by its manufacturing partner(s) using processes that infringe at least claims 1 and/or 22 of the '051 patent" are sufficient to plausibly state a claim of infringement under § 271(g). (D.I. 75-1 ¶¶ 31-32). Therefore, Plaintiffs' motion to amend to state a claim of infringement under § 271(g) is GRANTED.

---

[1] Plaintiffs argue *Wrinkl* is inapposite because "here the SAC alleges that Defendant's post-suit continuation of its pre-suit infringing behavior despite receiving the adverse PTAB decision makes its continued willful infringement particularly egregious." (D.I. 97 at 7). I disagree. The reasoning relied upon in *Wrinkl* is no less applicable following a post-suit IPR proceeding where the PTAB did not find the challenged claims invalid. *Wrinkl*, 2021 WL 4477022 at *7 (explaining "willfulness based on post-suit knowledge is a black box" because "Defendants usually act on the basis of the advice of counsel once they are sued."). PTAB's findings related to validity have no bearing on the issue of infringement.

Finally, Defendant argues Plaintiffs' proposed amendment to assert induced infringement is futile, because Plaintiffs do not plausibly allege any of the three elements required for a claim of induced infringement – direct infringement, knowledge, and specific intent. (D.I. 83 at 7). I find that because Plaintiffs have not alleged any acts of direct infringement by a third party in the United States, Plaintiffs have not stated a claim of induced infringement under § 271(b). *See Enplas Display Device Corp. v. Seoul Semiconductor Co., LTD.*, 909 F. 3d 398, 408 (Fed. Cir. 2018); *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1302-03 (Fed. Cir. 2012) ("[W]here a foreign party, with the requisite knowledge and intent, employs extraterritorial means to actively induce *acts of direct infringement that occur within the United States*, such conduct is not categorically exempt from redress under § 271(b)") (emphasis added).

Plaintiffs' argument that their allegation of infringement under § 271(g) can serve as the requisite underlying direct infringement for their claim of induced infringement is nonsensical. (D.I. 97 at 8). Section 271(g) creates direct infringement liability for the importer/seller of goods manufactured using patented processes – not for the manufacturer. 35 U.S.C. § 271(g) ("Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer . . . ."). Defendant cannot induce itself to infringe, and Plaintiffs have not specifically alleged that any of Nanosys's foreign manufacturing partners act as U.S. importers or sellers.[2] Therefore, Plaintiffs' motion to amend to state a claim of induced infringement is DENIED.

---

[2]    Plaintiffs allege, "Nanosys has induced others to infringe at least claims 1 and/or 22 of the '051 patent, including by inducing its manufacturing partner(s) to manufacture and import into the United States [products made using the Claimed Process]," and "Nanosys specifically intended its manufacturing partner(s) to manufacture and import into the United States [products made used the Claimed Process]." (D.I. 75-1 ¶¶ 34, 35). Outside of these conclusory allegations of Nanosys's

For these reasons, Plaintiffs' motion is GRANTED-IN-PART and DENIED-IN-PART. Plaintiffs are GRANTED leave to amend their First Amended Complaint to allege infringement under 35 U.S.C. § 271(g). Plaintiffs' motion is otherwise DENIED.

IT IS SO ORDERED.

Entered this 12th day of April, 2022.

/s/ Richard G. Andrews
United States District Judge

---

specific intent, however, Plaintiffs do not specifically allege that any of Nanosys's manufacturing partners themselves import infringing products into the United States. Instead, Plaintiffs allege Shoei Chemical, Nanosys's manufacturing partner, "manufacture[s] one or more of the Nanosys Quantum Dot Products on [Nanosys's] behalf," and "Nanosys sells and/or offers to sell within the United States one or more of the Nanosys Quantum Dot Products prepared by its manufacturing partner(s) . . . ." (*Id.* ¶ 30, 32).